No. 24-1218
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
_____

### STATE OF MARYLAND,

*Plaintiff-Appellee*,

v.

### 3M COMPANY,

*Defendant-Appellant.*
_____

On Appeal from the United States District Court for the District of Maryland
(Richard D. Bennett, District Judge)
_____

### STATE OF MARYLAND'S RESPONSE TO THE MOTION OF DEFENDANT-APPELLANT 3M COMPANY TO CONSOLIDATE APPEALS
_____

ANTHONY G. BROWN
Attorney General of Maryland

STEPHANIE D. BIEHL
ASHLEY B. CAMPBELL
Sher Edling LLP
100 Montgomery St., Suite 1410
San Francisco, CA 94104
stephanie@sheredling.com
ashley@sheredling.com
(628) 201-6035
(628) 231-2929 (facsimile)

PATRICIA V. TIPON
ADAM D. SNYDER
Assistant Attorneys General
1800 Washington Blvd, Suite 6048
Baltimore, Maryland 21230
patricia.tipon@maryland.gov
adam.snyder1@maryland.gov
(410) 537-3061
(410) 537-3943 (facsimile)

Attorneys for Plaintiff-Appellee

May 10, 2024

Plaintiff-Appellee State of Maryland ("the State" or "Maryland") submits this response to the Motion of Defendant-Appellant 3M Company ("3M") to Consolidate Appeals ("Motion" or "Mot.").

The State agrees that, in some respects, 3M's appeal of the remand order in this case is similar to its appeal of the remand order entered in South Carolina's case. Both appeals involve lawsuits brought by sovereign states in state court to hold 3M accountable for PFAS contamination that is unrelated to that caused by aqueous film forming foam ("AFFF"); both suits were removed by 3M based on the potential applicability of the federal officer doctrine to AFFF-related claims; and both suits were remanded because the states' complaints expressly excluded AFFF-related claims.

There are, however, important differences between the two states' cases—differences that risk confusion and weigh against consolidation. And unless certain protective measures are taken, consolidation could harm Maryland by delaying the resolution of the appeal and restricting the State's ability to present its case. Accordingly, if the Court were to consolidate these appeals, the State requests that the Court (1) order that both appeals be heard pursuant to the briefing schedule already in place for this case; (2) permit Maryland and South Carolina to each file its own brief (as 3M agrees would be appropriate, Mot. 4); and (3) allow both states the full allotment of oral argument time.

# ARGUMENT

I. **CONSOLIDATION IS INAPPROPRIATE BECAUSE THE FACTS FORMING THE PURPORTED BASIS FOR REMAND ARE DIFFERENT IN THE TWO APPEALS.**

Although 3M removed the two cases based on the same legal theories, its arguments in support of removal were principally factual. In each case, 3M argued that the federal officer doctrine applies to the non-AFFF claims because, based on the particular facts alleged by each plaintiff state, the non-AFFF contamination will occur at "the same natural resources at issue in the putative AFFF action." Notice of Removal ¶ 28, *State of Maryland v. 3M Co.*, No. 1:23-cv-1836 (D. Md. July 10, 2023), ECF No. 1 ("*Maryland* NOR"); Notice of Removal ¶ 28, *South Carolina v. 3M Co.*, No. 2:23-cv-5979 (D.S.C. Nov. 21, 2023), ECF No. 1 ("*South Carolina* NOR").[1] In this case, 3M proceeded to describe the "numerous locations across Maryland where the putative 'non-AFFF' contamination at issue . . . will be commingled with PFAS contamination from AFFF sources." Order Denying Transfer 2, MDL No. 2873 (J.P.M.L. Oct. 4, 2023), ECF No. 2129. It made similar factual arguments in the South Carolina case. *See* Def. 3M Company's Opp'n to

---

[1] The State's separate action for PFAS-related damages from the use of AFFF was transferred to the Judicial Panel on Multidistrict Litigation (JPML) and has been consolidated with several other AFFF cases pending in the District of South Carolina, without objection from Maryland. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2:18-mn-2873-RMG.

Pl.'s Mot. for Remand 5, *South Carolina*, No. 2:23-cv-5979 (D.S.C. Feb. 2, 2024), ECF No. 11.

For example, in Maryland's case, 3M made much of the State's inclusion of the Chesapeake Bay in its non-AFFF complaint, arguing that the Bay is bound to have contamination from both AFFF and non-AFFF sources. *Maryland* NOR ¶ 28. In South Carolina's suit, by contrast, 3M focuses on the Edisto River, the Catawba River, and Lake Conestee, *South Carolina* NOR ¶¶ 28-29—water bodies that likely present very different hydrological issues from the Bay. The particular sites that 3M identifies as sources of AFFF contamination also differ. *Compare Maryland* NOR ¶¶ 33 (Joint Base Andrews), 34 (Fort Meade and Fort Meade Tipton Airfield), 35 (Martin State Airport), *with South Carolina* NOR ¶¶ 28 (Army Aviation Support Facility Upstate), 34 (discussing several Air Force bases purportedly "within or in the vicinity of most or all of the 'eight (8) major river basins in South Carolina'").[2]

---

[2] The list of factual differences does not end there. 3M has also argued that the overlap in AFFF and non-AFFF contamination is affected by the PFAS suits brought by municipalities in the two states, *compare Maryland* NOR ¶ 29, *with South Carolina* NOR ¶¶ 29-30; by different PFAS reports issued by different state agencies, *compare Maryland* NOR ¶ 30 (Phase I Report issued by the Maryland Department of the Environment), *with South Carolina* NOR ¶ 31 (investigation by South Carolina Department of Health and Environmental Control); and by the extent of the federal enclaves located in each state, *compare Maryland* NOR ¶ 59, *with South Carolina* NOR ¶ 59.

3

As the district court recognized in Maryland's case, the mere existence of individual contaminated sites that, in 3M's view, could "plausibly" have comingled AFFF and non-AFFF contamination does not give rise to federal jurisdiction.[3] Mem. Order 8-9, *Maryland,* No. 1:23-cv-1836 (D. Md. Feb. 12. 2024), ECF No. 47; Def. 3M Company's Resp. in Opp'n to Pl.'s Mot. for Recons. and Remand 19, *Maryland*, No. 1:23-cv-1836 (D. Md. Aug. 23, 2023), ECF No. 27. But under 3M's removal theory, the facts surrounding each site's potential for both AFFF and non-AFFF contamination would be at the fore. If so, federal courts, at the removal stage, would have to evaluate the hydrogeology of each site within each state, as well as the potential sources of contamination for that site. On these factual issues, the two states' cases are nothing alike.

Even beyond the factual bases for 3M's arguments, the two states' cases have important differences. For example, although both district courts found it significant that the states' complaints disclaimed recovery related to AFFF, the language of the states' disclaimers differs. *Compare* Compl. 3 n.2, *Maryland,* No. 1:23-cv-1836 (D. Md. July 11, 2023), ECF No. 5 ("*Maryland* Compl.") ("As used in this Complaint, the term 'PFAS Products' . . . does not include aqueous film-forming foam ('AFFF')

---

[3] The JPML also rejected 3M's argument that non-AFFF contamination is bound to be commingled with AFFF contamination as "too speculative to support transfer." Order Denying Transfer 3, MDL No. 2873 (J.P.M.L. Oct. 4, 2023), ECF No. 2129.

or fluoro-surfactants that were designed for and specifically incorporated into AFFF, which are the subject of a separate action."), *with* Compl. ¶ 20, *South Carolina,* No. 2:23-cv-5979 (D.S.C. Nov. 21, 2023), ECF No. 1 ("*South Carolina* Compl.") ("PFAS as defined in this Complaint expressly excludes Aqueous Film Forming Foam ('AFFF'), a firefighting material that contains PFAS. The State is not seeking to recover through this Complaint any relief for contamination or injury related to AFFF or AFFF products used at airports, military bases, or certain industrial locations.").

Because Maryland has disclaimed any relief from AFFF contamination, these factual differences should not matter. But 3M's theory of removal would require the Court to engage in parallel analyses of how these differences affect federal officer jurisdiction. The need for that individualized analysis weighs against consolidation here.

## II. CONSOLIDATION IS INAPPROPRIATE BECAUSE THE TWO STATES' COMPLAINTS IMPLICATE IMPORTANT ASPECTS OF STATE SOVEREIGNTY THAT MERIT SEPARATE CONSIDERATION.

This case involves widespread contamination caused by PFAS, also known as "forever chemicals," which are toxic, man-made chemicals that do not biodegrade. *Maryland* Compl. ¶¶ 31-32. 3M, one of the world's largest chemical companies, has manufactured and sold PFAS-containing consumer products like Scotchgard for decades, all the while concealing the danger that PFAS pose to the public. *Maryland*

5

Compl. ¶¶ 3, 4-6, 9, 52-70. As a result, PFAS have contaminated the State's rivers, lakes, bays, soil, and drinking water supplies. This contamination, in turn, has left PFAS in fish, wildlife, and even the bloodstreams of Maryland residents. *Maryland* Compl. ¶¶ 2, 5, 9.

Maryland brought suit in its *parens patriae* capacity and "as a sovereign and natural resource trustee" in recognition of the "injury to the persons and property of [Maryland's] citizens and to the natural resources of the State." *Maryland* Compl. ¶¶14-19. South Carolina sued on a similar basis. *South Carolina* Compl. ¶ 20 (bringing suit "in its *parens patriae* capacity on behalf of its citizens"). As sovereign states, Maryland and South Carolina are entitled to "the dignity and respect" flowing from their status under the Constitution. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997); *see also Alden v. Maine*, 527 U.S. 706, 714 (1999). And when a state takes action "to protect the people, property, and economic activity within its borders," it exercises a "fundamental aspect of a State's sovereign power." *New York v. New Jersey*, 598 U.S. 218, 225 (2023) (internal citation omitted). Consolidation of these cases—particularly if it results in consolidated briefing and truncated argument time—would depart from these longstanding principles by denying each state the full opportunity to present its own, unique claims in its own, individual forum.

## III. IN THE ALTERNATIVE, THE COURT SHOULD STRUCTURE THE APPEAL TO MINIMIZE PREJUDICE TO MARYLAND.

The State of Maryland filed suit nearly a year ago to hold 3M and other defendants accountable for the PFAS contamination that they caused. Since then, 3M has repeatedly attempted to secure a federal venue. While those efforts have proven unsuccessful, they have managed to delay the case and the relief the State seeks. In fact, 3M has already obtained an extension of the briefing schedule in this case and is separately seeking to pause the state court proceedings while this appeal is pending. That delay has already prejudiced the State. Consolidation could prejudice the State even further if it results in a consolidated briefing schedule that extends longer than the schedule currently in place for this appeal.

This Court has discretion to deny consolidation, and it should exercise that discretion here in light of its inherent power "to expedite the determination of cases of pressing concern to the public." Fed. R. App. P. 2 (advisory committee's note). But if the Court ultimately determines that consolidation is appropriate, it should take three steps to minimize delay and allow for a full hearing of the State's claims: (1) retain the briefing schedule that currently governs this appeal; (2) permit Maryland and South Carolina to file separate briefs; and (3) allot each state the same amount of argument time it would receive in the absence of consolidation.

## CONCLUSION

For the foregoing reasons, the motion to consolidate appeals should be denied.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

PATRICIA V. TIPON
ADAM D. SNYDER
Assistant Attorneys General
1800 Washington Blvd, Suite 6048
Baltimore, Maryland 21230
(410) 537-3061
(410) 537-3943 (facsimile)
patricia.tipon@maryland.gov
adam.snyder1@maryland.gov

*/s/ Stephanie D. Biehl*
STEPHANIE D. BIEHL
ASHLEY B. CAMPBELL
Sher Edling LLP
100 Montgomery St., Suite 1410
San Francisco, CA 94104
(628) 231-2507
(628) 231-2929 (facsimile)
stephanie@sheredling.com
ashley@sheredling.com

Attorneys for Plaintiff-Appellee

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because this response brief contains 1,870 words, excluding the parts of the brief exempted by Rule 27(d)(2).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and the type style requirements of Rule 27(d)(1)(D) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen point, Times New Roman.

                                                   */s/ Stephanie D. Biehl*  
                                                   Stephanie D. Biehl  
                                                     Sher Edling LLP  
                                                     100 Montgomery St., Suite 1410  
                                                   San Francisco, CA 94104  
                                                   (628) 231-2507

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of May, 2024, the State of Maryland's Response to the Motion of Defendant-Appellant 3M Company to Consolidate Appeals was filed electronically and served on all parties or their counsel of record through the CM/ECF system.

                                                 */s/ Stephanie D. Biehl*
                                                 Stephanie D. Biehl
                                                 Sher Edling LLP
                                                 100 Montgomery St., Suite 1410
                                                 San Francisco, CA 94104
                                                 (628) 231-2507