Nos. 24-1218, 24-1270

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

STATE OF MARYLAND,

*Plaintiff-Appellee*,

v.

3M COMPANY,

*Defendant-Appellant.*

_____

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCT LIABILITY LITIGATION

_____

STATE OF SOUTH CAROLINA,
*ex rel.* Alan M. Wilson, in his official capacity
as Attorney General of the State of South Carolina,

*Plaintiff-Appellee*,

v.

3M COMPANY,

*Defendant-Appellant.*

_____

On Appeals from the United States District Court for the District of Maryland
(Richard D. Bennett, District Judge) and the United States District Court for the
District of South Carolina (Richard M. Gergel, District Judge)

_____

**BRIEF OF APPELLEES
STATE OF MARYLAND AND STATE OF SOUTH CAROLINA**

_____

[Counsel listed on following pages.]

STEPHANIE D. BIEHL
ASHLEY B. CAMPBELL
Sher Edling LLP
100 Montgomery St., Suite 1410
San Francisco, California 94104
stephanie@sheredling.com
ashley@sheredling.com
(628) 201-6035
(628) 231-2929 (facsimile)

SCOTT E. KAUFF
DEREK Y. SUGIMURA
ALEXANDER LATANISION
Law Offices of John K. Dema, P.C.
One Central Plaza
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
(301) 881-5900
(240) 536-9108 (facsimile)

JOHN D.S. GILMOUR
Kelley Drye & Warren LLP
515 Post Oak Blvd., Suite 900
Houston, Texas 77027
jgilmour@kelleydrye.com
(713) 355-5005
(713) 355-5001 (facsimile)

MELISSA E. BYROADE
Kelley Drye & Warren LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, D.C. 20007
mbyroade@kelleydrye.com
(202) 342-8823
(202) 342-8451 (facsimile)

ANTHONY G. BROWN
Attorney General of Maryland

PATRICIA V. TIPON
ADAM D. SNYDER
Assistant Attorneys General
1800 Washington Blvd, Suite 6048
Baltimore, Maryland 21230
patricia.tipon@maryland.gov
adam.snyder1@maryland.gov
(410) 537-3061
(410) 537-3943 (facsimile)

*Attorneys for Plaintiff-Appellee*
*State of Maryland*

Jonathan M. Robinson
Frederick N. Hanna, Jr.
Austin T. Reed
Smith Robinson Holler Dubose &
Morgan, LLC
3200 Devine Street
Columbia, South Carolina 29205
jon@smithrobinsonlaw.com
fred.hanna@smithrobinsonlaw.com
austin.reed@smithrobinsonlaw.com
(803) 704-1178

Vincent A. Sheheen
Michael D. Wright
Savage, Royall & Sheheen, LLP
1111 Church Street
P. O. Drawer 10
Camden, SC 29021
vsheheen@thesavagefirm.com
mwright@thesavagefirm.com
(803) 432-4391

Algernon G. Solomons, III
Speights & Solomons
100 Oak Street, E
Hampton, SC 29924
gsolomons@speightsandsolomons.com
803-943-4444

Alan M. Wilson
Attorney General of South Carolina

W. Jeffrey Young
Chief Deputy Attorney General
C.H. Jones, Jr.
Senior Assistant Deputy Attorney
General
Jared Q. Libet
Assistant Deputy Attorney General
Kristin M. Simons
Senior Assistant Attorney General
Danielle A. Robertson
Assistant Attorney General
P. O. Box 11549
Columbia, South Carolina 29211
sjones@scag.gov
jlibet@scag.gov
ksimons@scag.gov
danirobertson@scag.gov
(803) 734-3970

*Attorneys for Plaintiff-Appellee*
*State of South Carolina*

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ........................................................1

ISSUE PRESENTED FOR REVIEW .................................................2

STATEMENT OF THE CASE ...........................................................2

SUMMARY OF ARGUMENT .............................................................6

ARGUMENT .........................................................................................7

I.    THE STANDARD OF REVIEW IS DE NOVO. .......................................7

II.   3M DID NOT CARRY ITS BURDEN OF ESTABLISHING FEDERAL OFFICER
      REMOVAL JURISDICTION. ................................................................8

      A.    3M Fails to Satisfy Any of the Requirements for Federal Officer
            Removal Jurisdiction. ..........................................................9

      B.    The Potential Commingling of PFAS Contamination From AFFF
            and Non-AFFF Sources Does Not Create Federal Officer
            Removal Jurisdiction. ........................................................14

            1.    Commingling Is an Injury-Focused Inquiry That Is Not
                  Relevant to Federal Officer Jurisdiction. ...................15

            2.    The States' Request for Injunctive Relief Do Not Save
                  3M's "Commingling" Argument. ............................20

            3.    Hypothetical Claim Preclusion Predictions Do Not
                  Support Removal ................................................21

      C.    The "Rule Against Claim Splitting" Does Not Create
            Jurisdiction. .....................................................................23

      D.    Federal Appellate and Trial Courts Have Repeatedly Resolved
            This Issue in Favor of Remand. ..........................................25

CONCLUSION .....................................................................................32

REQUEST FOR ORAL ARGUMENT ...............................................35

CERTIFICATE OF COMPLIANCE ........................................................................35

TEXT OF PERTINENT PROVISIONS ...............................................................36

# TABLE OF AUTHORITIES

## Cases

*Anne Arundel County v. BP P.L.C.*,
  94 F.4th 343 (4th Cir. 2024)............................................................ 7, 8, 10, 12, 22

*Baker v. Atlantic Richfield Co.*,
  421 F. Supp. 3d 634 (N.D. Ind. 2019)............................................................29

*Baker v. Atlantic Richfield Co.*,
  962 F.3d 937 (7th Cir. 2020).......................................................................... 29, 30

*Batchelor v. American Optical Corp.*,
  185 F. Supp. 3d 1358 (S.D. Fla. 2016) ................................................... 11, 18, 28

*Board of County. Comm'rs of Boulder County. v. Suncor Energy (U.S.A.) Inc.*,
  25 F.4th 1238 (10th Cir. 2022)................................................................27

*California ex rel. Harrison v. Express Scripts, Inc.*,
  2024 WL 841197 (C.D. Cal. Feb. 28, 2024)......................................................28

*Carpenter v. Wichita Falls Indep. Sch. Dist.*,
  44 F.3d 362 (5th Cir. 1995)................................................................23

*City & County of Honolulu v. Sunoco LP*,
  2021 WL 531237 (D. Haw. Feb. 12, 2021) .......................................................16

*City of Hoboken v. Chevron Corp.*,
  45 F.4th 699 (3d Cir. 2022)................................................................. 18, 21, 26

*Coury v. Air & Liquid Sys. Corp.*,
  2020 WL 3405838 (D. Or. May 22, 2020) .........................................................14

*Curiale v. A.Clemente, Inc.*,
  2023 WL 4362722 (D.N.J. July 5, 2023)............................................................30

*Delaware v. BP Am., Inc.*,
  578 F. Supp. 3d 618 (D. Del. Jan. 5, 2022)........................................................16

*District of Columbia v. Exxon Mobil Corp.*,
  89 F.4th 144 (D.C. Cir. 2023) ..................................................................... 13, 26

*Dougherty v. A O Smith Corp.*,
    2014 WL 3542243 (D. Del. July 16, 2014) ........................................... 28, 31, 32

*Federated Department Stores, Inc. v. Moitie*,
    452 U.S. 394 (1981) ...................................................................................21

*Government of Puerto Rico v. Eli Lilly & Co.*,
    2023 WL 4830569 (D.P.R. July 13, 2023) ..........................................18

*Grady v. Monsanto Co.*,
    2023 WL 4884468 (E.D. Mo. Aug. 1, 2023) ......................................28

*Grosch v. Tyco Fire Prods. LP*,
    2023 WL 5993548 (D. Ariz. Sept. 15, 2023).......................................27

*Hayden v. 3M Co.*,
    2015 WL 4730741 (E.D. La. Aug. 10, 2015) .....................................12

*Illinois ex rel. Raoul v. 3M Co.*,
    693 F.Supp.3d 948 (C.D. Ill. Sept. 21, 2023) ............................ 11, 12, 17, 19, 27

*Jefferson County, Ala. v. Acker*,
    527 U.S. 423 (1999) .....................................................................................8

*Kelleher v. A.W. Chesterton Co.*,
    2015 WL 7422756 (S.D. Ill. Nov. 23, 2015) ............................... 11, 28

*Lee v. Norfolk S. Ry. Co.*,
    802 F.3d 626 (4th Cir. 2015)................................................................23

*Long v. 3M Co.*,
    2024 WL 866819 (D. Or. Jan. 31, 2024) .................................... 18, 28

*Maine v. 3M Co.*,
    2023 WL 4758816 (D. Me. July 26, 2023) ....................................... 11, 18, 20, 27

*Marcher v. Air & Liquid Sys. Corp.*,
    2022 WL 562268 (C.D. Cal. Feb. 24, 2022)......................................28

*Martincic v. A.O. Smith Corp.*,
    2020 WL 5850317 (W.D. Pa. Oct. 1, 2020) ......................................28

*Mayor & City Council of Baltimore v. BP P.L.C.*,
31 F.4th 178 (4th Cir. 2022)............................................................ 7, 8, 13, 14, 22

*Nessel v. Chemguard, Inc.*,
2021 WL 744683 (W.D. Mich. Jan. 6, 2021) .......................................................19

*New Hampshire v. 3M Co.*,
665 F. Supp. 3d 215 (D.N.H. 2023) ............................................ 11, 14, 18, 20, 27

*North Carolina v. Ivory*,
906 F.2d 999 (4th Cir. 1990)........................................................................... 8, 25

*Ohio ex rel. Yost v. Ascent Health Servs. LLC*,
2024 WL 23187 (S.D. Ohio Jan. 2, 2024) ..........................................................28

*Phillips v. Asbestos Corp. Ltd.*,
2014 WL 794051 (N.D. Cal. Feb. 26, 2014) .......................................................12

*Ponder v. Experian Info. Sols., Inc.*,
2021 WL 3398158 (N.D. Ga. June 15, 2021) ......................................................23

*Port of Corpus Christi Auth. of Nueces County v. Port of Corpus Christi L.P.*, 57 F.4th 432 (5th Cir. 2023)............................................................27

*Pratt v. Asbestos Corp. Ltd.*,
2011 WL 4433724 (N.D. Cal. Sept. 22, 2011) ....................................................12

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*,
273 F. App'x 256 (4th Cir. 2008) .......................................................................23

*Sparks v. Anderson*,
2022 WL 1094649 (M.D. Ala. Apr. 12, 2022) ....................................................23

*Strawn v. AT&T Mobility LLC*,
530 F.3d 293 (4th Cir. 2008)................................................................................8

*Suarez-Valenzuela v. Holder*,
714 F.3d 241 (4th Cir. 2013)................................................................................5

*Thomas v. American Nat'l Prop. Ins. Co.*,
2011 WL 2945790 (E.D. La. July 19, 2011)........................................................23

*United States ex rel. Vuyyuru v. Jadhav*,
  555 F.3d 337 (4th Cir. 2009) ...............................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) .............................................................................21

*West Va. State Univ. Bd. of Governors v. Dow Chem. Co.*,
  23 F.4th 288 (4th Cir. 2022) .................................................................7

*Wood v. Crane*,
  764 F.3d 316 (4th Cir. 2014) ........................................... 11, 25, 26, 30

*Young v. Tyco Fire Prods., LP*,
  2022 WL 486632 (9th Cir. Feb. 17, 2022) .................................... 17, 27

**Statutes**

28 U.S.C. § 1331 ..................................................................... 31, 36

28 U.S.C. § 1442 ........................... 1, 3, 8, 18, 19, 22, 31, 32, 36, 37

28 U.S.C. § 1447 ..................................................................... 1, 4, 36

**Rules**

Fed. R. Civ. P 12(h) ........................................................................4

**Miscellaneous**

14 C. Wright, A. Miller, & E. Cooper, Federal Practice
  and Procedure § 3722 (1976) ...........................................................21

Gluck & Elizabeth Chamblee Burch, *MDL Revolution*,
  96 N.Y.U. L. Rev. 1 (2021) ...............................................................24

# JURISDICTIONAL STATEMENT

These consolidated appeals arise from separate lawsuits brought by the State of Maryland and the State of South Carolina ("the States") against 3M Company and other companies, alleging that their design, manufacture, marketing, and sale of consumer products containing per- and polyfluoroalkyl substances ("PFAS")—such as ScotchGard and Teflon—have caused widespread contamination of drinking water and other natural resources within the States' respective borders. (J.A. 42, J.A. 271-272.) Each of the States filed its lawsuit in state court. 3M removed both cases to federal court, based on the federal officer removal statute, 28 U.S.C. § 1442(a), arguing that the PFAS contamination at issue might be commingled with PFAS contamination caused by a different class of products, namely, aqueous film-forming foam ("AFFF")—a fire-retardant that 3M produced, allegedly for the federal government and to military specifications. Each district court concluded that, because the complaint before it had disavowed any recovery for AFFF contamination, any potential commingling did not suffice to create federal officer jurisdiction. (J.A. 227, J.A. 376.) The courts therefore remanded the cases to the state courts where both Maryland and South Carolina had chosen to sue. (J.A. 227, J.A. 376.) This Court has jurisdiction under 28 U.S.C. § 1447(d) to review the district courts' remand decisions.

## ISSUE PRESENTED FOR REVIEW

Did the district courts lack federal officer removal jurisdiction over these cases, where (1) 3M's sole basis for federal officer removal was that it had produced some AFFF for the federal government and to military specifications; but (2) both States' complaints unequivocally disclaimed recovery for any AFFF contamination?

## STATEMENT OF THE CASE

PFAS are a family of manmade chemicals that repel grease, stains, and heat. (J.A. 42, J.A. 272.)  Because of these properties, 3M and other defendants incorporated PFAS into a wide variety of consumer products, including nonstick cookware, water-repellent clothing, and stain-resistant fabrics and carpets.  (J.A. 51, J.A. 53-54, J.A. 272.) PFAS were also incorporated into AFFF, which was originally developed to extinguish floating fuel fires aboard U.S. military aircraft carriers but came to be used in the commercial market at airports, fire-training facilities, fire departments, and refineries and other industrial facilities.  (J.A. 16-18, J.A. 140, J.A. 245.)

PFAS are known as "forever chemicals" because they bioaccumulate and persist in the environment for extremely long periods of time.  (J.A. 43, J.A. 49-50, J.A. 272-273.)  PFAS are carcinogenic and have been shown to be harmful to human health even at low concentrations.  (J.A. 50-51, J.A. 273-274.)  By 1975, 3M had determined that PFAS are present in the blood of every person in the United States.

(J.A. 55, J.A. 283.)  Despite their knowledge of PFAS' toxicity and persistence in the environment, the defendants continued to sell PFAS products in massive volumes while failing to disclose, and even covering up, what they knew about the chemicals' hazards.  (J.A. 54-63, J.A. 281-294.)

Because PFAS have contaminated the water, soil, and other natural resources in both Maryland and South Carolina (J.A. 63-75, J.A. 297-303), each of the two States initiated litigation to recover the costs of investigating and remediating PFAS contamination within its borders (J.A. 118-120, J.A. 312-314).  Each State filed two state-court cases—one focused on the PFAS contamination caused by the use of AFFF in industrial and military applications ("AFFF cases"), the other focused on the PFAS contamination caused by the manufacture, use, and disposal of thousands of other PFAS-containing consumer, household, and commercial products ("non-AFFF cases").

In both States' AFFF cases, 3M asserted that it produced AFFF to meet military specifications—referred to as "MilSpec AFFF"—and filed notices of removal, asserting jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442.  Neither State moved to remand,[1] and both States' AFFF cases were

_____

[1] That the States did not initially contest removal of the AFFF cases does not mean, as 3M claims, that the States "agree" that the cases "should be litigated in federal court under the federal-officer removal statute."  Appellant's Br. 1.  To the contrary, the States reserve their right to contest jurisdiction at a later stage in the

transferred to the United States District Court for the District of South Carolina, where thousands of plaintiffs' complaints seeking recovery from AFFF contamination have been consolidated into multidistrict litigation ("MDL"). The States' AFFF cases are not part of these appeals.

These appeals come instead from the States' non-AFFF cases, in which they seek recovery for PFAS contamination caused by the numerous household products that contain or are manufactured with PFAS. To solidify the distinction between the two types of claims, both Maryland's and South Carolina's complaints expressly disclaim all recovery related to AFFF contamination. Maryland's Complaint states:

> As used in this Complaint, the term "PFAS Products". . . does not . . . include aqueous film-forming foam ("AFFF") or fluorosurfactants that were designed for and specifically incorporated into AFFF, which are the subject of a separate action.

(J.A. 42 n.2.) South Carolina's Complaint likewise states:

> PFAS as defined in this Complaint expressly excludes Aqueous Film Forming Foam ("AFFF"), a firefighting material that contains PFAS. The State is not seeking to recover through this Complaint any relief for contamination or injury related to AFFF or AFFF products used at airports, military bases, or certain industrial locations.

(J.A. 275-276.)

---

proceedings, as the statutory removal provisions allow: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P 12(h).

Both cases were filed in state court and, as it had done with respect to the two States' AFFF cases, 3M removed them both.  3M again asserted federal officer removal jurisdiction, arguing that the potential for PFAS contamination from military uses to commingle with PFAS contamination from consumer products rendered the States' non-AFFF cases removable.[2]  3M then sought to transfer Maryland's non-AFFF case to the AFFF MDL, but the Judicial Panel on Multidistrict Litigation ("JPML") denied 3M's request.  (J.A. 216-219 ("[B]ased upon consideration of the pleadings and the record before us, 3M has not established a clear overlap between [the State's non-AFFF case] and the claims pending in the MDL, much less that the putative AFFF claims in this complaint are substantial and concrete, such that transfer to the MDL will enhance efficiency and convenience.").)  On the States' motions, the United States District Courts for the Districts of Maryland and South Carolina separately ordered the cases remanded.  (J.A. 221-229, J.A. 372-378.)  3M appealed both remand decisions, arguing that the federal officer removal statute creates jurisdiction over these non-AFFF cases.[3]  At 3M's

---

[2] 3M also asserted federal enclave jurisdiction, but that issue is not before this Court.  Both trial courts below rejected the argument (J.A. 228-229, J.A. 376-377) and 3M, by not pursuing the argument in its opening brief, has abandoned that asserted basis of federal jurisdiction, *see Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013) (noting that arguments not raised in the opening brief are waived).

[3] None of the other defendants filed a notice of removal, and none is an appellant in this Court.

request, the Maryland and South Carolina appeals were consolidated for briefing and argument.

## SUMMARY OF ARGUMENT

Federal courts are courts of limited subject matter jurisdiction and the party asserting jurisdiction has the burden to establish it. 3M, however, has demonstrated none of the three elements required to support federal officer removal jurisdiction: that it acted under a federal officer, that it has a colorable federal defense, and that the charged conduct was carried out for or in relation to the asserted official authority. On all three scores, 3M's failures result from the fact that, while its sole proffered basis for federal officer jurisdiction is its manufacture and sale of MilSpec AFFF (J.A. 26-27, J.A. 255), both States here expressly disclaim any recovery for PFAS contamination caused by AFFF, whether MilSpec or otherwise (J.A. 42 n.2, J.A. 275-276). Because 3M's liability here cannot derive from its manufacture or sale of AFFF, it is irrelevant whether 3M can prove a federal contractor defense as to that activity.

The potential for PFAS from AFFF to be commingled with PFAS from other sources does not alter that conclusion. The States' disclaimers of AFFF recovery mean that they ultimately will have the burden to prove that their injuries were caused by non-AFFF sources. 3M's argument that such proof is impossible can be advanced at trial without any need to litigate the federal contractor defense or to

6

apportion damages or injunctive relief to AFFF sources—and, to the extent that the States ultimately cannot establish causation, that will be their problem, not 3M's. As for the "rule against claim splitting," that is a merits defense, not a jurisdictional doctrine, and it does not apply to these cases in any event.

Finally, courts across the country—including this Court, other federal appellate courts, and numerous federal district courts—have repeatedly made clear that, where a plaintiff expressly disclaims recovery based on certain conduct or injuries, federal officer jurisdiction premised on that conduct, or those injuries, is improper. The district courts here were correct to conclude that these matters should be resolved in state court. This Court, too, should honor the sovereign States' choices to sue in their own courts when they have disavowed all claims and relief that might have provided the basis for federal jurisdiction.

## ARGUMENT

### I. THE STANDARD OF REVIEW IS DE NOVO.

A district court's determination that it lacks subject matter jurisdiction is reviewed de novo. *Anne Arundel County v. BP P.L.C.*, 94 F.4th 343, 347 (4th Cir. 2024) (quoting *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 197 (4th Cir. 2022)). "[F]indings of fact on any issues that are not intertwined with the facts central to the merits of the plaintiff's claims" are reviewed for clear error. *West Va. State Univ. Bd. of Governors v. Dow Chem. Co.*, 23 F.4th 288, 297 (4th Cir.

2022) (quoting *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009)).

## II. 3M DID NOT CARRY ITS BURDEN OF ESTABLISHING FEDERAL OFFICER REMOVAL JURISDICTION.

The federal officer removal statute allows removal of "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to," among others, "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). The principal purpose of federal officer removal jurisdiction is "to have the validity of the defense of official immunity tried in a federal court." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999). When a private party invokes the federal officer removal statute, it must demonstrate "(1) that it acted under a federal officer, (2) that it has a colorable federal defense, and (3) that the charged conduct was carried out for or in relation to the asserted official authority." *Anne Arundel County*, 94 F.4th at 347-48 (quoting *Baltimore*, 31 F.4th at 228); *see* Appellant's Br. 18. The removing party has the burden of alleging facts sufficient to establish these elements. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008); *North Carolina v. Ivory*, 906 F.2d 999, 1002 (4th Cir. 1990).

Against that legal background, this appeal begins and ends with two facts. First, the only ground on which 3M asserts that it is operating under a federal officer

is its production of MilSpec AFFF. (J.A. 26-27, J.A. 255.) Second, the States have disclaimed any injury arising from AFFF, MilSpec or otherwise. (J.A. 42 n.2, J.A. 275-276.) Because the States' complaints thus expressly exclude 3M's sole asserted basis for jurisdiction, the district courts were correct to conclude that, even assuming the truth of the facts 3M had alleged, both cases should be remanded. (J.A. 227 ("By excluding MilSpec AFFF and all other types of AFFF from its Complaint, the State has abandoned any claims in this case that would allow 3M to utilize the government contractor defense."), J.A. 376 ("[O]nce Defendant shows that a certain portion of the contamination stemmed from MilSpec AFFF . . . , that contamination is eliminated from the case, whether or not that MilSpec AFFF was produced according to rigorous military specifications and the government was warned of any dangers of which it was unaware." (citation omitted))).[4]

A.    **3M Fails to Satisfy Any of the Requirements for Federal Officer Removal Jurisdiction.**

3M cannot satisfy the first requirement for federal officer removal jurisdiction because it cannot show that it "acted under a federal officer" in connection with any

_____

[4] 3M is incorrect to suggest that the courts below failed to assume the truth of 3M's allegations. *See* Appellant's Br. 29. The District of Maryland acknowledged that "the court must construe facts alleged in support of the defendant's colorable federal defense as true." (J.A. 225.) The District of South Carolina, for its part, summarized 3M's key contention that "some of the contamination at issue in this case overlaps with, or has commingled with, PFAS contamination from . . . MilSpec AFFF" (J.A. 373), and analyzed federal officer removal jurisdiction on that basis.

of the claims in these actions. *Anne Arundel County*, 94 F.4th at 347 (citation omitted). 3M claims that it "acted under a federal officer" in developing and selling MilSpec AFFF. (J.A. 9-10, J.A. 14, J.A. 17.) But the States in these suits have disclaimed any recovery for injuries caused by AFFF. (J.A. 42 n.2., J.A. 275-276.) 3M's insistence that it acted under a federal officer in the development and sale of MilSpec AFFF therefore is irrelevant to these cases.

The States' disclaimer of recovery for AFFF contamination also means that 3M cannot satisfy the second element for federal officer removal jurisdiction, namely, that it has a "colorable federal defense." *Anne Arundel County*, 94 F.4th at 347 (citation omitted). The federal contractor defense that 3M invokes could apply, if at all, only to the subset of AFFF that it manufactured according to military specifications. (J.A. 16-18, J.A. 225-227, J.A. 375-376.) But because of the express disclaimers in their complaints, the States here cannot recover for contamination caused by MilSpec AFFF—or, indeed, by *any* AFFF. It is therefore irrelevant whether 3M could establish a federal contractor defense with respect to claims for injuries from MilSpec AFFF, and the state trial courts will never need to determine whether that defense is valid. As the South Carolina district court explained, "whether or not 3M meets the requirements for the defense, it cannot be held liable in this case for PFAS contamination originating from AFFF." (J.A. 376.) Similarly, the Maryland district court observed that "the State has abandoned any claims in this

case that would allow 3M to utilize the government contractor defense." (J.A. 227); *see also Wood v. Crane*, 764 F.3d 316, 321 (4th Cir. 2014) (plaintiff's disclaimer "effectively precludes any defense"). Any MilSpec AFFF-related defense could apply only to the States' separate actions pending in the AFFF MDL.

As to this second element, the decisions below follow the clear weight of authority. Other district courts have reached the same conclusion in similar PFAS suits against 3M. *See, e.g.*, *New Hampshire v. 3M Co.*, 665 F. Supp. 3d 215, 227-29 (D.N.H. 2023) (finding that New Hampshire's "disclaimer is effective and eliminates the connection between the State's broad statewide claims and 3M's production of MilSpec AFFF for the United States military"); *Maine v. 3M Co.*, No. 2:23-CV-00210-JAW, 2023 WL 4758816, at *10 (D. Me. July 26, 2023) (remanding after concluding that "because of the State's express disclaimer . . . the federal officer defense is not applicable"). And many more district courts in cases outside the PFAS context have agreed that a plaintiff's disclaimer of claims related to the defendant's federal authority renders any federal defense unavailable.[5]

_____

[5] *See, e.g.*, *Batchelor v. American Optical Corp.*, 185 F. Supp. 3d 1358, 1364-65 (S.D. Fla. 2016) ("Westinghouse, therefore, cannot raise a colorable federal defense to Plaintiff's claims because Westinghouse's sole basis for removal is its contention that Plaintiff was exposed to asbestos while aboard the U.S.S. Gato, which is not at issue in this case."); *Kelleher v. A.W. Chesterton Co.*, No. 15-CV-893-SMY-SCW, 2015 WL 7422756, at *2 (S.D. Ill. Nov. 23, 2015) ("Here, however, Plaintiff's waiver has rendered any federal defenses moot. To deny remand of this case would affirm Boeing's right to assert a defense against a claim

Finally, 3M cannot satisfy the third requirement for federal officer removal: that "the charged conduct" was "carried out for or in relation to the asserted official authority." *Anne Arundel County*, 94 F.4th at 348 (citation omitted). The allegedly wrongful conduct that forms the basis of the States' complaints against 3M expressly excludes the manufacture and sale of *any* AFFF. Thus, by definition, the "charged conduct" excludes 3M's manufacture and sale of AFFF pursuant to a contract with the federal government.

Both district courts correctly recognized as much. The Maryland district court concluded that "the explicit exclusion of AFFF from this lawsuit renders it 'impossible for [3M] to be held liable for damages stemming from its actions under federal authority, and so the requisite connection or association is missing.'" (J.A. 228 (quoting *Illinois ex rel. Raoul v. 3M Co.*, 693 F. Supp. 3d 948, 958 (C.D. Ill. Sept. 21, 2023))). The South Carolina district court similarly reasoned that

_____

that does not exist."); *Hayden v. 3M Co.*, No. CIV.A. 15-2275, 2015 WL 4730741, at *4 (E.D. La. Aug. 10, 2015) (finding that "Carrier does not have a valid government contractor defense, and thereby removal authority, for a claim that is not alleged in the Petition nor pursued by the plaintiffs"); *Phillips v. Asbestos Corp. Ltd.*, No. C 13-5655 CW, 2014 WL 794051, at *2 (N.D. Cal. Feb. 26, 2014) ("Phillips has expressly disclaimed and waived any claim arising out of or related to any asbestos exposure aboard federal jobsites and navy vessels. This removes any claims to which military contractor immunity might act as a defense."); *Pratt v. Asbestos Corp. Ltd.*, No. C-11-3503 EMC, 2011 WL 4433724, at *2 (N.D. Cal. Sept. 22, 2011) ("Plaintiff's waiver has rendered any federal defenses moot. There must be claims against which a federal defense is cognizable, and Plaintiff's waiver has removed any such claims.").

"[b]ecause it does not matter that 3M acted in accordance with federal authority, the charged conduct here is not connected to the alleged federal authority." (J.A. 376.)

The district courts' holdings as to the third element fully accord with the case law. Most notably, they align with this Court's recent decision in *Mayor & City Council of Baltimore v. BP P.L.C.* There, the plaintiff alleged that fossil fuel companies were liable for their "concealment and misrepresentation" of the "known dangers" that their products posed to the global climate. 31 F.4th at 233. Because the defendants could not show that the federal government had "controlled their total production and sales of fossil fuels" or "directed them to conceal the hazards of fossil fuels or prohibited them from providing warnings to consumers," this Court held that "the relationship between Baltimore's claims and any federal authority over a portion of certain Defendants' production and sale of fossil-fuel products is too tenuous to support removal." *Id.* at 233, 234 (quotation marks omitted); *see also District of Columbia v. Exxon Mobil Corp.*, 89 F.4th 144, 156-57 (D.C. Cir. 2023) (because plaintiff "'w[ould] not seek damages' for the causal connection between the 'overuse' of fossil fuels and 'global climate change' or 'for the physical effects of climate change in the District,'" there was "no link between the [fossil fuel] leasing activities conducted by the Companies and the damages at issue"). Similar logic applies here, with even greater force: That 3M's production of MilSpec AFFF may have been carried out in relation to federal authority provides no basis for

removal, because any connection between that authority and the State's *non*-AFFF claims is not just "tenuous," *Baltimore*, 31 F.4th at 234, but nonexistent.

The district courts' holdings as to the third element accord with decisions of other district courts, too. The district court in New Hampshire, considering the same issue presented here, held that the State of New Hampshire's disclaimer of "any recovery for contamination resulting from 3M's production of AFFF . . . eliminates the connection between the State's broad statewide claims and 3M's production of MilSpec AFFF for the United States military." *New Hampshire*, 665 F. Supp. 3d at 227; *see also Illinois*, 693 F. Supp. 3d at 958 (finding that the disclaimer eliminated any "connection or association" with 3M's actions under federal authority); *Coury v. Air & Liquid Sys. Corp.*, No. 3:20-CV-264-JR, 2020 WL 3405838, at *4 (D. Or. May 22, 2020), *report and recommendation adopted*, No. 3:20-CV-00264-JR, 2020 WL 3405204 (D. Or. June 19, 2020) ("Plaintiff's waiver negates any nexus between the plaintiff's claims and the actions [defendant] took pursuant to a federal officer's direction.").

**B.    The Potential Commingling of PFAS Contamination From AFFF and Non-AFFF Sources Does Not Create Federal Officer Removal Jurisdiction.**

AFFF products are manufactured in a different manner, by different parties, at different times, and for different uses than other commercial and consumer-focused PFAS products. (J.A. 42-43 (discussing non-AFFF products), J.A. 131-133

(discussing AFFF products), J.A. 272-273 (discussing non-AFFF products), J.A. 328-329 (discussing AFFF products).)  Yet according to 3M, "[i]dentical PFAS compounds from AFFF and non-AFFF sources intermingled at [certain] sites and caused the States a single alleged injury," and therefore "any award of damages or injunctive relief will necessarily encompass PFAS contamination from military sources, triggering 3M's right to raise its federal government-contractor defense." Appellant's Br. 21.[6]  Neither the potential for commingling of PFAS contamination nor the injunctive relief the States seek to address that contamination provides a basis for removal.

### 1. Commingling Is an Injury-Focused Inquiry That Is Not Relevant to Federal Officer Jurisdiction.

3M's commingling argument is not a basis for federal officer removal because it concerns only the States' injuries; it does not bear on the required nexus between the State's claims and federal direction. The States have explicitly disclaimed recovery for contamination due to AFFF.  (J.A. 42 n.2, J.A. 275-276.)  To the extent

---

[6] Although 3M states that "the complaints themselves allege that some of the sites at issue were contaminated by PFAS from both sources," Appellant's Br. 13, it does not cite to the complaints or identify the sites it has in mind.  Both Maryland's AFFF complaint and its non-AFFF complaint do refer to the Chesapeake Bay (J.A. 69, J.A. 160), but the JPML has already questioned the significance of that overlap. That tribunal explained that "these references primarily derive from quotations from the Maryland statute establishing the State's right and obligation to protect its natural resources" and observed that "the Chesapeake Bay arguably might be considered too broad a body of water to identify as a contamination site (as opposed to a particular location within the Bay)."  (J.A. 217, J.A. 218 n.1.)

that PFAS from AFFF and non-AFFF sources are commingled in a fashion that precludes attributing the States' harms to the latter, that will be the States' problem, not 3M's. In the meantime, 3M is not entitled "to freely rewrite the complaint and manufacture a cause of action explicitly disclaimed by [the States] and then ask the Court to accept their 'theory of the case' for purposes of removal." *Delaware v. BP Am., Inc.*, 578 F. Supp. 3d 618, 636 n.21 (D. Del. Jan. 5, 2022); *see also City & County of Honolulu v. Sunoco LP*, No. 20-cv-00163-DKW-RT, 2021 WL 531237, at *7 (D. Haw. Feb. 12, 2021), *aff'd* 49 F.4th 1101 (9th Cir. 2022) ("[I]f Defendants had it their way, they could assert *any* theory of the case, however untethered to the claims of Plaintiffs, because this Court must 'credit' that theory. To do so, though, would completely ignore the requirement that there must be a causal connection *with the plaintiff's claims*." (emphasis in original)). Again, there will be no occasion for 3M to assert a government contractor defense with respect to MilSpec AFFF contamination because the States cannot recover for *any* AFFF contamination in these cases.

That 3M will argue that the States' harms are caused in part by MilSpec AFFF does not mean it can shoehorn a federal contractor defense into this litigation; it means only that the States may have to convince the factfinder of causation. That is often the case when defendants offer alternative explanations for how the complained-of harm occurred, and it is not uncommon for defendants to blame one

another.  *See, e.g.*, *Illinois*, 693 F. Supp. 3d at 958; (J.A. 49, J.A. 272).  But those causation inquiries are applications of garden-variety tort law, not questions about federal authority.  And once a factfinder concludes that the harm originated from someone other than the defendant, the inquiry ends.  Similarly, should the factfinders in these cases conclude that PFAS contamination is due to AFFF, the federal officer defense will not be implicated because at that point 3M's liability for that contamination—at least in these cases—would be extinguished by operation of the States' disclaimers.

Nor is it true, as 3M protests, that courts have "failed to grapple with the significance of the complex causation issues that arise because of the commingling of PFAS from both non-AFFF and MilSpec AFFF sources."  Appellant's Br. 14.  In fact, courts have both grappled with and rejected this argument.  The Ninth Circuit, for instance, did so in *Young v. Tyco Fire Products*:

> [Defendants'] allegations—for example, "[t]he public water supply in the City of Goodyear contains or contained [carcinogens] that likely originated in part from AFFF used at Luke Air Force Base"—propose an alternative theory of causation that the Youngs have expressly disavowed.  Thus, the Youngs will have to prove that Mr. Young's direct exposure to commercial AFFFs as a firefighter caused his cancer; this claim has no causal nexus to contamination of Goodyear's groundwater by MilSpec AFFFs.

No. 21-15912, 2022 WL 486632, at *2 (9th Cir. Feb. 17, 2022) (second and third brackets in original).  The District of Maine similarly explained as follows, after

noting 3M's argument that "PFAS from AFFF and non-AFFF sources plausibly have *commingled* at various locations":

> [T]he State has taken upon itself the burden as part of its case to demonstrate that the source of contamination in its Non-AFFF lawsuit is not a[n] AFFF source. If the factfinder concludes that the State has failed to meet its burden concerning the source, 3M will prevail. This effectively means that the federal officer defense will not be applicable in the State's Non-AFFF lawsuit because the State by its express disclaimer has imposed upon itself a burden to demonstrate that its claim involves Non-AFFF sources.

*Maine*, 2023 WL 4758816, at *8, 10. Other courts, both in and outside the PFAS context, have held that a defendant's assertion that the plaintiff's injuries were caused by a commingled or alternative source does not give rise to the government contractor defense or to federal officer removal jurisdiction.[7]

---

[7] *See City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 713 (3d Cir. 2022) (rejecting the argument that "these suits cannot separate harm caused by military fuel use from harm caused by civilian fuel use"); *New Hampshire*, 665 F. Supp. 3d at 228 ("To the extent AFFF is relevant, its presence in the contamination could eliminate recovery for the State—regardless of why or for whom 3M made it."); *Illinois*, 693 F. Supp. 3d at 958 ("[O]nce Defendant shows that a certain portion of the contamination stemmed from MilSpec AFFF released from the Rock Island Arsenal, that contamination is eliminated from the case, whether or not that MilSpec AFFF was produced according to rigorous military specifications and the government was warned of any dangers of which it was unaware."); *see also Long v. 3M Co.*, No. 3:23-CV-1325-AR, 2024 WL 866819, at *3 (D. Or. Jan. 31, 2024), *report and recommendation adopted*, No. 3:23-CV-1325-AR, 2024 WL 865872 (D. Or. Feb. 29, 2024); *Government of Puerto Rico v. Eli Lilly & Co.*, No. CV 23-1127 (JAG), 2023 WL 4830569, at *2 (D.P.R. July 13, 2023) ("The Court also rejects [defendants'] indivisibility argument."); *Batchelor*, 185 F. Supp. 3d at 1363 (rejecting argument that "Plaintiff cannot avoid removal under 28 U.S.C. § 1442(a)(1) by disclaiming exposure to asbestos while in the U.S. Navy . . . because it is possible that Plaintiff was exposed to asbestos while serving in the U.S. Navy").

*Nessel v. Chemguard, Inc.*, No. 1:20-CV-1080, 2021 WL 744683 (W.D.

Mich. Jan. 6, 2021), an outlier district court decision on which 3M heavily relies,

does not undermine the States' positions. In sharp contrast with the States'

disclaimers of recovery related to *all* AFFF, the plaintiffs in *Nessel* disclaimed

recovery for injuries caused only by MilSpec AFFF used by the military while

seeking recovery for harms caused by *non*-MilSpec AFFF used by civilians

("Commercial AFFF"). *Id.* at *1. In considering whether to remand the Commercial

AFFF case, *Nessel* reasoned that "while Plaintiffs attempt to surgically divide their

complaints between Commercial and MilSpec AFFF, they cannot prevent

Defendants from raising the production of MilSpec AFFF as a defense or an alternate

theory" to the Commercial AFFF claims. *Id.* at *3.

Whatever difficulty *Nessel* may have had in differentiating between two types

of AFFF is beside the point here, for the States have disclaimed relief from *any* type

of AFFF contamination. And while the States "cannot prevent [3M] from raising

the production of MilSpec AFFF as a defense or an alternate theory," *id.*, that

alternative causation theory does not transform the States' actions into one "for or

relating to" the manufacture of the disclaimed AFFF, 28 U.S.C. § 1442(a), so as to

permit federal jurisdiction. For that reason and others, every court to consider

*Nessel*'s reasoning through the lens of the facts here has rejected it. *Illinois*, 693 F.

Supp. 3d at 957-58 (declining to follow *Nessel* because "once Defendant shows that

a certain portion of the contamination stemmed from MilSpec AFFF . . . that contamination is eliminated from the case, whether or not that MilSpec AFFF was produced according to rigorous military specifications"); *Maine*, 2023 WL 4758816, at *9-10 (declining to follow *Nessel* because "the State's disclaimer is express, unambiguous, and plain, and in the Court's view, fits within the category of express disclaimers courts have found effective to justify a remand order"); *New Hampshire*, 665 F. Supp. 3d at 228-29 (distinguishing *Nessel* because "the State's two cases here involve AFFF and non-AFFF contamination, rather than contamination from two different kinds of AFFF").

### 2. The States' Requests for Injunctive Relief Do Not Save 3M's "Commingling" Argument.

Without meaningful support for its argument that the States' AFFF and non-AFFF claims overlap, 3M next argues that the injunctive relief the States seek renders their disclaimers illusory—but this argument, too, seeks to rewrite the States' complaints. Because the States have requested injunctive relief, 3M argues, "[i]n reality" they have "*not* disclaimed relief for harms from AFFF *at all*," as "[a]ny such relief would necessarily require 3M to abate alleged contamination resulting from production of MilSpec AFFF." Appellant's Br. 39 (emphasis in original); *see id.* at 40-42.

3M cites no relevant case law in support of this argument. 3M merely includes "*cf.*" citations to two cases, *see* Appellant's Br. 39-40, neither of which is relevant.

*Wal-Mart Stores, Inc. v. Dukes* concerns the standards for class certification. 564 U.S. 338, 360 (2011). 3M cites *Federated Department Stores, Inc. v. Moitie* for the proposition that "courts 'will not permit [a] plaintiff to use artful pleading to close off [a] defendant's right to a federal forum.'" 452 U.S. 394, 397 n.2 (1981) (quoting 14 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3722 (1976)). As the Third Circuit explained in upholding the remand of Hoboken's climate suit, however, "[a]rtful pleading disguises federal claims as state ones." *Hoboken*, 45 F.4th at 713 (citing 14 C. Wright et al., Federal Practice & Procedure § 3722.1). Here, there are no federal claims to be disguised.

3M's injunctive relief argument suffers from the same logical flaw as its more general commingling argument. Because the States, in their non-AFFF cases, have disavowed recovery for damages caused by AFFF, any relief they obtain will similarly be limited to non-AFFF sources of contamination.

### 3. Hypothetical Claim Preclusion Predictions Do Not Support Removal.

Principles of claim preclusion do not support reversal here. 3M runs through a chain of hypotheticals that it argues could lead to claim or issue preclusion at some point in the future, contending that this possibility makes jurisdiction proper. First, 3M argues that *if* commingling is proven, "[w]hichever party prevails in the case that first reaches judgment *might* assert that judgment as a bar to the State's second suit or to particular issues." Appellant's Br. 40 (emphasis added). And then, *if* the

hypothetical preclusion argument is successful (3M argues), that means the States' non-AFFF and AFFF cases must be "about the *same claim*," and therefore the non-AFFF cases must "relat[e] to" AFFF.  Appellant's Br. 40-41 (emphasis in original).

3M's speculation about the theoretical possibility of preclusive effects stretches the statutory phrase "for or relating to any act under color of [federal] office" far past its breaking point.[8]  28 U.S.C. § 1442(a).  Federal officer removal jurisdiction does not rest on hypotheticals; "[i]t is *the 'act' for which the defendant is being sued*—not the plaintiff's entire civil action in a general sense—that must relate to the asserted federal duty." *Anne Arundel County*, 94 F.4th at 348 (emphasis added).  This relatedness inquiry asks whether "*the charged conduct* was carried out for or in relation to the asserted official authority."  *Baltimore*, 31 F.4th at 228 (emphasis added).  The "charged conduct" here concerns only non-AFFF sources of PFAS and expressly excludes AFFF sources.

---

[8] 3M cites no case analyzing § 1442's "for or relating to" element in a manner remotely analogous to its speculative analysis, and the States are aware of none.

**C.      The "Rule Against Claim Splitting" Does Not Create Jurisdiction.**

3M's invocation of the "rule against claim splitting," Appellant's Br. 41, does not support remand either.  To begin, the rule against claim splitting is a merits defense; it does not give rise to jurisdiction, as courts have repeatedly held.[9]

But even if the rule against claim splitting were somehow relevant to jurisdiction, it would not apply here.  Under the rule, a second-filed case may be dismissed if it concerns "the same subject in the same court, against the same defendant at the same time." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008) (citation omitted).[10]  The State of Maryland's

---

[9] *See, e.g.*, *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 371 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998) (rejecting argument that "intercourt claim splitting should justify removal" on federal question grounds); *Sparks v. Anderson*, No. 2:21-cv-633-WKW, 2022 WL 1094649, at *2 (M.D. Ala. Apr. 12, 2022) ("[T]he rule against improper claim splitting is not jurisdictional."); *Thomas v. American Nat'l Prop. Ins. Co.*, Civ. No. 11-1085, 2011 WL 2945790, at *4 (E.D. La. July 19, 2011) (collecting cases for the proposition that "[n]owhere . . . do concerns over claim-splitting vest this Court with jurisdiction"); *Ponder v. Experian Info. Sols., Inc.*, No. 1:20-CV-4548-CAP-JSA, 2021 WL 3398158, at *10 (N.D. Ga. June 15, 2021), *report and recommendation adopted*, No. 1:20-CV-4548-CAP, 2021 WL 3403527 (N.D. Ga. July 7, 2021) ("Experian's claim-splitting argument is a legal defense, but as discussed, even a legal defense that arises under federal law does not support removal to federal court . . . .").

[10] 3M's reliance on *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 636 (4th Cir. 2015) is misplaced, as this Court did not decide in *Lee* that the possibility of claim-splitting *warranted* dismissal.  Instead, it left the question for the district court to decide.  *Id.*

AFFF and non-AFFF suits do not involve the same subject (as they concern the manufacture, promotion, and sale of different products) or the same defendants. (J.A. 40-45 J.A. 49-54, J.A. 126-133). That is also true for the State of South Carolina's AFFF and non-AFFF cases. (J.A. 269-273, J.A. 318-321).

Nor could remand be supported by a desire to avoid inconsistent judgments, as there is no risk of such judgments, much less the "significant risk" that 3M predicts. Appellant's Br. 40. The States cannot recover for harms caused by AFFF in these cases because they have unequivocally disclaimed recovery for those harms. And at least as to Maryland's lawsuit, reversal still would not result in the AFFF and non-AFFF cases being heard in the same court, because Maryland's AFFF case is part of the MDL in the District of South Carolina—an MDL in which the JPML has already determined that Maryland's non-AFFF case does not belong. (J.A. 216-219.)

Finally, the States' decisions to bring separate cases are not "improper efforts to split their claims" to "evade federal jurisdiction," as 3M claims. Appellant's Br. 1, 40. Rather, those decisions reflect the fact that AFFF products are a different set of products, manufactured and used in different ways, by different parties, and on different timelines than other PFAS products. The States' decisions also reflect the fact that, consistent with these differences, there already is an MDL forum dedicated to AFFF and the specific harm that it causes, with its own dynamics and timelines.

*See generally* Abbe R. Gluck & Elizabeth Chamblee Burch, *MDL Revolution*, 96 N.Y.U. L. Rev. 1 (2021). The States, as sovereigns, are permitted to seek recovery for non-AFFF harms in their own courts, separate from the MDL proceedings. Indeed, this Court has recognized states' sovereign prerogative to litigate in their own courts where federal officers are not involved. *Ivory*, 906 F.2d at 1002 ("Where no colorable federal defense is averred, state prosecutors should not be forced to 'choose between prosecuting traffic violations hundreds of miles from the municipality in which the violations occurred or abandoning those prosecutions.'"); *see also Wood*, 764 F.3d at 321-22 (declining to find federal jurisdiction based solely on defendant's allegations of "manipulative tactic[s]").

### D. Federal Appellate and Trial Courts Have Repeatedly Resolved This Issue in Favor of Remand.

For the reasons discussed above, appellate courts—including this Court—have repeatedly rejected federal officer removal jurisdiction in cases like these. Affirming here would therefore be consistent with the overwhelming weight of authority. This Court's decision in *Wood v. Crane*, for example, firmly dictates resolution of this appeal in the States' favor. In *Wood*, the plaintiff asserted that Crane manufactured asbestos-containing valves and gaskets, which caused plaintiff's mesothelioma. 764 F.3d at 318-19. Crane removed the case because it asserted a government contractor defense to the valve claims, but it did not assert the same defense to the gasket claims. *Id.* The plaintiff then chose not to pursue the

valve claims, leaving only the gasket claims. *Id.* at 319. This Court found it dispositive that the plaintiff had "expressly disclaimed any damages" related to the valves, because that disclaimer "effectively preclude[d] any defense based on the valves alone." *Id.* at 321. Remand thus was appropriate. *Id.* at 318, 326.

The Third Circuit followed similar logic when affirming remand in *City of Hoboken v. Chevron Corp.*, 45 F.4th 699. In that suit, the plaintiffs sought recovery from fossil fuel companies based on the companies' deceptive conduct involving climate change, while "insist[ing] that they are not suing over emissions caused by fuel provided to the federal government." *Id.* at 706, 713. The defendants nonetheless removed, asserting (as does 3M here) that plaintiffs' disclaimer was "merely artful pleading designed to circumvent federal officer jurisdiction" and that federal jurisdiction was proper "because of their business connections to the federal government," including "produc[ing] specialty materials" during the Second World War and "continu[ing] to contribute specialty fuels" to the military today. *Id.* at 712-13. The Third Circuit affirmed the lower court's remand to state court, rejecting the defendants' argument that the plaintiffs' disclaimers were a "ruse," and holding that the plaintiffs' claims did not arise from or relate to "products or services that [the defendants] provided to the federal government." *Id.* at 713. The same is true here.

At least two other federal appellate courts have held that, where a plaintiff disclaims recovery for injuries attributable to specific conduct, a defendant's

assertion that that conduct took place under federal supervision cannot confer federal officer removal jurisdiction. *See District of Columbia*, 89 F.4th at 156-57 (rejecting federal officer removal jurisdiction in climate and consumer protection context); *Young v. Tyco Fire Prods., LP*, 2022 WL 486632, at *2 (affirming remand because allegations related to commercial AFFF rather than MilSpec). Other circuits have also recognized that disclaimers like those at issue here preclude other categories of federal jurisdiction. *E.g.*, *Port of Corpus Christi Auth. of Nueces County v. Port of Corpus Christi L.P.*, 57 F.4th 432, 438-40 (5th Cir. 2023) (federal question jurisdiction); *Board of County Comm'rs of Boulder County v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1271-72 (10th Cir. 2022) (federal enclave jurisdiction).

Numerous district courts, too, have confirmed that disclaimers such as the States' preclude federal officer removal jurisdiction. As discussed in Section II above, they have done so in nearly identical PFAS contexts, holding that federal officer removal jurisdiction does not exist where a complaint disclaims injuries from all AFFF sources of PFAS. *See New Hampshire*, 665 F. Supp. 3d at 226-29; *Grosch v. Tyco Fire Prods. LP*, No. CV-23-01259-PHX-DWL, 2023 WL 5993548, at *4-5 (D. Ariz. Sept. 15, 2023); *Illinois*, 693 F. Supp. 3d at 957-58; *Maine*, 2023 WL 4758816, at *10.

Outside the PFAS context, too, dozens of district courts have similarly agreed that there is no federal jurisdiction where a plaintiff disclaims recovery for injuries

caused by conduct in which the defendant potentially engaged under federal direction.[11] These courts have recognized that, when a plaintiff has specifically limited its claims to injuries from products other than those alleged to have been made at the direction of a federal officer, federal jurisdiction cannot stand, because allowing removal in the face of such a disclaimer "would affirm [the] right to assert a defense against a claim that does not exist." *Kelleher*, 2015 WL 7422756 at \*2; *see Batchelor*, 185 F. Supp. 3d at 1363 (explaining that where a disclaimer is unambiguous and is not contradicted by other allegations in the complaint, "federal courts have consistently granted motions to remand based on a plaintiff expressly

---

[11] *See, e.g.*, *Dougherty v. A O Smith Corp.*, CV No. 13-1972-SLR-SRF, 2014 WL 3542243, at \*15 (D. Del. July 16, 2014), *report and recommendation adopted*, 2014 WL 4447293 (D. Del. Sept. 8, 2014) (in asbestos case, recognizing disclaimer of harm from asbestos exposure during plaintiff's military service, and collecting cases); *Martincic v. A.O. Smith Corp.*, No. 2:20-CV-958-WSS, 2020 WL 5850317, at \*1, 5 (W.D. Pa. Oct. 1, 2020) (same); *Marcher v. Air & Liquid Sys. Corp.*, No. 2:22-CV-00059-RGK-MRW, 2022 WL 562268, at \*1-2 (C.D. Cal. Feb. 24, 2022) (same); *Long*, 2024 WL 866819, at \*2-4 (same); *Grady v. Monsanto Co.*, No. 4:23CV226 JAR, 2023 WL 4884468, at \*1-3 (E.D. Mo. Aug. 1, 2023) (accepting disclaimer of "injuries suffered as a result of[] Agent Orange . . . or any other dioxin other tha[n] dioxin like PCBs," and collecting cases); *California ex rel. Harrison v. Express Scripts, Inc.*, No. 2:23-CV-08570-SPG-PD, 2024 WL 841197, at \*5 (C.D. Cal. Feb. 28, 2024) (in opioids litigation, concluding that no grounds for removal existed where plaintiff disclaimed harms from defendants' services under federal contracts); *Ohio ex rel. Yost v. Ascent Health Servs. LLC*, No. 2:23-CV-1450, 2024 WL 23187, at \*1-3 (S.D. Ohio Jan. 2, 2024) (in price-fixing suit, recognizing disclaimer for harms "as they relate to TRICARE or FEHB plans").

disclaim[ing] the claims upon which federal officer removal was based") (internal quotation marks omitted).

The cases on which 3M principally relies, meanwhile, differ from these in fundamental ways. For example, in *Baker v. Atlantic Richfield Co.*, 962 F.3d 937, 945 n.3 (7th Cir. 2020)—which 3M claims is "directly on point," Appellants' Br. 27—the plaintiffs did not explicitly disclaim anything. The plaintiffs in that case claimed they were harmed by lead and arsenic, and one possible source of their exposure was the manufacture of Freon-12 by one defendant, DuPont. *Baker*, 962 F.3d at 940-41. DuPont removed on the ground that it had manufactured Freon-12 for the federal government, *id.* at 940-41, and the Seventh Circuit reversed the district court on federal officer jurisdiction, *id.* at 947. Rather than disclaim any harm, however, the complaint had merely recited that "[t]his action does not pertain to [the] DuPont [Defendants'] manufacture and production of Freon-12 and the byproduct of hydrochloric acid." *Baker v. Atlantic Richfield Co.*, 421 F. Supp. 3d 634, 643 (N.D. Ind. 2019) (quotation marks omitted). And to the extent that the court rejected the plaintiffs' reliance on what they incorrectly viewed as a disclaimer, it did so in what was effectively dicta: the court concluded that another defendant's (Atlantic Richfield's) work as a contractor created federal officer removal jurisdiction, so it did not need to decide whether DuPont's activities would separately permit removal. 962 F.3d at 943, 945, 947.

3M thus puts more weight on *Baker* than the decision can bear. According to 3M, *Baker* required the plaintiffs to "disclaim[] harms from lead and arsenic of *any* origin" or face removal, so the States here likewise can avoid removal only by disclaiming all PFAS harms. Appellant's Br. 35 (citing *Baker*, 962 F.3d at 945 n.3). But if that were the rule, it would flatly contradict this Court's holding in *Wood v. Crane*, which permitted a plaintiff to seek recovery for his asbestos-related injuries from one source (gaskets), while excluding recovery for harm from asbestos at another source (valves). 764 F.3d at 321. And while 3M asserts that *Baker* shows "why a disclaimer is ineffective in circumstances like these," Appellant's Br. 35, nothing in *Baker* rejects the effectiveness of disclaimers generally or in this case, where the States are not trying to "have it both ways." 962 F.3d at 945 n.3. Instead, the States have explicitly disclaimed any recovery arising from AFFF, and they will not be able to recover for AFFF-caused harms in these suits.

*Curiale v. A. Clemente, Inc.* is also distinguishable. No. 1:23-cv-187-NLH-AMD, 2023 WL 4362722 (D.N.J. July 5, 2023); *see* Appellant's Br. 37. In *Curiale*, the plaintiff "disclaimed harm arising from the government contracts," 2023 WL 4362722, at *6, but the States have not done so here. Instead, the States have disclaimed recovery for injuries caused by AFFF, whether or not that AFFF conformed to MilSpec and whether or not it was sold to the government. *See id.*; (J.A. 42 n.2, J.A. 275-276).

Finally, *Dougherty* rejected so-called "jurisdictional" disclaimers, which attempt to use legal conclusions to categorically disclaim a basis for federal jurisdiction. 2014 WL 3542243, at *4-5; *see* Appellant's Br. 37-38. The *Dougherty* complaint purported to "disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442, subdivision (a)(1) (federal officer)." 2014 WL 3542243, at *1. As *Dougherty* noted, "the majority of federal courts" have rejected jurisdictional disclaimers because the lack of a factual context makes it impossible to "identify and exclude at the outset of the case those claims that might ultimately give rise to federal jurisdiction." *Id.* at *4 (citation omitted). The States' disclaimers here, by contrast, are factually specific, making clear that these cases exclude all claims for harms resulting from AFFF. Given that 3M does not assert that it acted under a federal officer for any PFAS product other than MilSpec AFFF, those disclaimers conclusively foreclose federal officer removal jurisdiction.

Indeed, the *Dougherty* court's treatment of the plaintiffs' *other* disclaimer confirms that conclusion. In addition to their jurisdictional disclaimer, the *Dougherty* plaintiffs' complaint included a separate, valid *claim* disclaimer, which waived any claims based on "exposures that may have occurred during [the decedent's] service in the United States Navy from 1945-1947" or "stemming from [the decedent's] asbestos exposure from any federal government job site, and aboard

Navy ships or any other military vessel." *See id.* at *9-10, *16-18. The court observed that "courts recognize a distinction between artful pleading for purposes of circumventing federal officer jurisdiction, and express disclaimers of the claims that serve as the grounds for removal under Section 1442(a)(1)." *Id.* at *10. "[F]ind[ing] no reason to depart from the rationale behind numerous rulings of district courts in other circuits finding such claim disclaimers effective," the court remanded the case. *Id.* at *16. Here, the States' complaints contain *claim* disclaimers, not *jurisdictional* ones, and these disclaimers are effective. (J.A. 42 n.2, J.A. 275-276.)

## CONCLUSION

The district courts' decisions to remand should be affirmed.

Respectfully submitted,

ALAN M. WILSON
Attorney General of South Carolina

/s/ *Danielle A. Robertson*
W. JEFFREY YOUNG
Chief Deputy Attorney General
C.H. JONES, JR.
Senior Assistant Deputy Attorney General
JARED Q. LIBET
Assistant Deputy Attorney General
KRISTIN M. SIMONS
Senior Assistant Attorney General
DANIELLE A. ROBERTSON
Assistant Attorney General
P. O. Box 11549
Columbia, SC 29211
sjones@scag.gov
jlibet@scag.gov
ksimons@scag.gov
danirobertson@scag.gov
(803) 734-3970

*Attorneys for Plaintiff-Appellee*
*State of South Carolina*

ANTHONY G. BROWN
Attorney General of Maryland

/s/ *Patricia V. Tipon*
PATRICIA V. TIPON
ADAM D. SNYDER
Assistant Attorneys General
1800 Washington Blvd, Suite 6048
Baltimore, Maryland 21230
patricia.tipon@maryland.gov
adam.snyder1@maryland.gov
(410) 537-3061
(410) 537-3943 (facsimile)

*Attorneys for Plaintiff-Appellee*
*State of Maryland*

JONATHAN M. ROBINSON
FREDERICK N. HANNA, JR.
AUSTIN T. REED
Smith Robinson Holler Dubose & Morgan, LLC
3200 Devine Street
Columbia, SC 29205
jon@smithrobinsonlaw.com
fred.hanna@smithrobinsonlaw.com
austin.reed@smithrobinsonlaw.com
(803) 704-1178

VINCENT A. SHEHEEN
MICHAEL D. WRIGHT
Savage, Royall & Sheheen, LLP
1111 Church Street
P. O. Drawer 10
Camden, SC 29021
vsheheen@thesavagefirm.com
mwright@thesavagefirm.com
(803) 432-4391

ALGERNON G. SOLOMONS, III
Speights & Solomons
100 Oak Street, E
Hampton, SC 29924
gsolomons@speightsandsolomons.com
803-943-4444

*Attorneys for Plaintiff-Appellee*
*State of South Carolina*

STEPHANIE D. BIEHL
ASHLEY B. CAMPBELL
Sher Edling LLP
100 Montgomery St., Suite 1410
San Francisco, CA 94104
stephanie@sheredling.com
ashley@sheredling.com
(628) 201-6035
(628) 231-2929 (facsimile)

SCOTT E. KAUFF
DEREK Y. SUGIMURA
ALEXANDER LATANISION
Law Offices of John K. Dema, P.C.
One Central Plaza
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
(301) 881-5900
(240) 536-9108 (facsimile)

JOHN D.S. GILMOUR
Kelley Drye & Warren LLP
515 Post Oak Blvd., Suite 900
Houston, TX 77027
jgilmour@kelleydrye.com
(713) 355-5005
(713) 355-5001 (facsimile)

MELISSA E. BYROADE
Kelley Drye & Warren LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, D.C. 20007
mbyroade@kelleydrye.com
(202) 342-8823
(202) 342-8451 (facsimile)

*Attorneys for Plaintiff-Appellee*
*State of Maryland*

## REQUEST FOR ORAL ARGUMENT

Appellees request that the Court hear oral argument in these appeals, which go to the federal courts' subject-matter jurisdiction and implicate the dignity of sovereign states.

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 8,146 words, excluding the parts of the brief exempted by Rule 32(f).

2.      This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Fourteen point, Times New Roman.

/s/ *Patricia V. Tipon*
PATRICIA V. TIPON

# TEXT OF PERTINENT PROVISIONS

**United States Code**

### 28 U.S.C. § 1331

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States

### 28 U.S.C. § 1442(a)

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

(3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;

(4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

### 28 U.S.C. § 1447

(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

(b) It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

**Federal Rule of Civil Procedure 12(h)**

(h) WAIVING AND PRESERVING CERTAIN DEFENSES.

(1) *When Some Are Waived*. A party waives any defense listed in Rule 12(b)(2)–(5) by:

>   (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>
>   (B) failing to either:
>
>>   (i) make it by motion under this rule; or
>>
>>   (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

(2) *When to Raise Others*. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

(A) in any pleading allowed or ordered under Rule 7(a);

(B) by a motion under Rule 12(c); or

(C) at trial.

(3) *Lack of Subject-Matter Jurisdiction*. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

STATE OF MARYLAND,      *

            *Plaintiff-Appellee,*     *

     v.

3M COMPANY, *et al.,*      *     No. 24-1218

            *Defendant-Appellant.*     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

STATE OF SOUTH CAROLINA,      *

            *Plaintiff-Appellee,*     *

     v.                       No. 24-1270

3M COMPANY, *et al.,*      *

            *Defendant-Appellant.*     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE OF SERVICE

I certify that, on this 8th day of July, 2024, the Brief of Appellees State of Maryland and State of South Carolina was filed electronically and served on counsel of record who are registered CM/ECF users.

                              */s/ Patricia V. Tipon*
                              PATRICIA V. TIPON