# SHER EDLING LLP
## PROTECTING PEOPLE AND THE PLANET

September 12, 2024

VIA CM/ECF

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

      Re:    *State of Maryland v. 3M Co.*, No. 24-1218; *State of South Carolina v. 3M Co.*, No. 24-1270
            Response to Supplemental Authority (Federal Rule of Appellate Procedure 28(j))

Dear Clerk Anowi:

      The Appellee States write to respond to Defendant-Appellant's letter concerning *Illinois ex rel. Raoul v. 3M Co.*, No. 23-3031, 2024 WL 3682099 (7th Cir. Aug. 7, 2024). *Raoul* does not support reversal of the district courts' remand orders here.

      In *Raoul*, the Seventh Circuit found that 3M could not satisfy federal officer removal because Illinois waived any relief for PFAS commingled from multiple sources. 2024 WL 3682099 at *2. But contrary to Defendant's assertions, nothing in the decision compels plaintiffs to make such a "dramatic" concession. Letter, at 1. *Raoul* merely stated that another Seventh Circuit case, *Baker v. Atlantic Richfield Co.*, 962 F.3d 937 (7th Cir. 2020), "*might have* supplied 3M with a colorable federal defense" in cases of commingling. *Id.* (emphasis added). Illinois's concession meant that the court never reached that underlying question.

      Moreover, Defendant's reading of *Raoul* (and *Baker*) conflicts with binding Fourth Circuit precedent. Defendant argues that any differentiation between sources of injury must be handled in federal court. Letter, at 1. But in *Wood v. Crane Co.*, a plaintiff suffering from mesothelioma sought relief against a defendant that "manufactured asbestos-containing valves and gaskets." 764 F.3d 316, 318 (4th Cir. 2014). The defendant asserted federal officer removal because it supplied valves to the military. *Id.* at 319. Subsequently, plaintiff disclaimed damages from valves while continuing to seek damages for asbestos from gaskets. *Id.* This Court held that federal officer removal could not apply because the partial disclaimer "effectively preclude[d] any [government contractor] defense based on the valves alone." *Id.* at 321. Similarly, here, the States disclaimed relief from AFFF and therefore precluded Defendant's only basis for federal officer removal.

      Finally, *Raoul* considered only one element of federal officer removal—the availability of a colorable federal defense. As the States previously explained, 3M cannot meet the other elements, namely, that it "acted under a federal officer," or that "the charged conduct" was "carried out for or in relation to the asserted official authority." Resp. Br. at 9-10, 12-14. To be entitled to a federal forum, 3M must meet all elements.

                                      Respectfully submitted,

                                      */s/ Stephanie D. Biehl*

                                      **Stephanie D. Biehl**
                                      Counsel for Plaintiff-Appellee
                                      State of Maryland

                                      */s/ Dani Robertson*

                                      **Dani Robertson**
                                      Counsel for Plaintiff-Appellee
                                      State of South Carolina

Encl.

Cc: All counsel (via CM/ECF)

