# SHER EDLING LLP
## PROTECTING PEOPLE AND THE PLANET

October 11, 2024

VIA CM/ECF

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

    Re:    *State of Maryland v. 3M Co.*, No. 24-1218; *State of South Carolina v. 3M Co.*, No. 24-1270; Supplemental letter response to Court's October 4, 2024, Order

Dear Clerk Anowi:

The Appellee States write in response to the following question posed by the Court:

> Do you, like Illinois did in *Illinois ex rel. Raoul v. 3M Co.*, 111 F.4th 846 (7th Cir. 2024), concede that you do not seek recovery for any mixed PFAS contamination in the lawsuits subject to this appeal? In other words, do you "expressly agree[] that a factfinder will not need to apportion the PFAS contamination between sources[,]" and "[i]f even a morsel of contamination is not from PFAS produced" by non-AFFF sources, your "recovery is barred[?]" *Id.* at 849.

    The States do not so concede. Nonetheless, hypothetical commingling of PFAS from non-AFFF and AFFF sources does not give rise to removal jurisdiction because the States have disclaimed recovery for AFFF PFAS contamination, and there is no federal connection to the non-AFFF PFAS contamination that is the charged conduct in these lawsuits. *See* Appellees' Br. 14–20; Appellees' Resp. to Supp. Auth.

    Respectfully submitted,

*/s/ Victor M. Sher*
**Victor M. Sher**
Counsel for Plaintiff-Appellee
State of Maryland

*/s/ Dani Robertson*
**Dani Robertson**
Counsel for Plaintiff-Appellee
State of South Carolina

Cc: All counsel (via CM/ECF)

100 Montgomery Street, Suite 1410 – San Francisco, CA 94104
Office: (628) 231-2500 – sheredling.com