# SHER EDLING LLP
## PROTECTING PEOPLE AND THE PLANET

October 25, 2024

<u>VIA CM/ECF</u>

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

    Re:    *State of Maryland v. 3M Co.*, No. 24-1218; *State of South Carolina v. 3M Co.*, No. 24-1270
Response to Supplemental Authority (Federal Rule of Appellate Procedure 28(j)) Regarding *Puerto Rico v. Express Scripts, Inc.*, No. 23-1612, 2024 WL 4524075 (1st Cir. Oct. 18, 2024)

Dear Clerk Anowi:

    *Puerto Rico v. Express Scripts, Inc.* demonstrates there is no basis for removal here. It confirms that, where a plaintiff "clearly carve[s] out certain factual bases" for liability "such that any alleged injury could not have happened under the direction of a federal officer," a disclaimer "will prevent removal." Op.22-23 (citation omitted). A disclaimer is ineffective only if (1) it is "circular," because its "applicability . . . turns on . . . whether a defendant's alleged unlawful behavior was required or caused by their relationship with the federal government," or (2) the plaintiff "disavow[s]" claims based on federal conduct but "nonetheless, seeks to recover based on a defendant's official acts." Op.23-24. In *Express Scripts*, Puerto Rico's disclaimer of "relief relating to a federal program or contract" was ineffective because, while it "s[ought] damages based on Caremark's rebate negotiations," Caremark conducted those negotiations "simultaneously" for federal and non-federal plans. Op.31. Because Caremark alleged its "'charged conduct'" was "indivisibly federal and non-federal," potential liability would arise in part from conduct under federal authority and could be subject to federal defenses. Op.35 (citation omitted).

    Here, the States disclaim "certain factual bases" for liability—all injuries caused by AFFF—and seek no relief related to conduct that 3M alleges was performed for a federal officer. Op.22. Although 3M alleges it manufactured *MilSpec* AFFF under government direction, the *charged conduct* does not concern *any* AFFF; it concerns only *non*-AFFF PFAS. That conduct "could not have happened under the direction of a federal officer," and the disclaimers thus do not "turn on . . . whether [3M's] alleged unlawful behavior was required or caused by [its] relationship with the federal government." Op.22-23. Even if the Court credits 3M's theory of a hypothetical location where AFFF contamination cannot be distinguished from non-AFFF contamination, that would present, at most, a causation question under state law. The state court would never determine whether AFFF-related *conduct* occurred under federal direction or address (much less resolve) a federal defense. Those issues "pertain[] to [AFFF-based] claims that simply do not exist." Op.22 (citation omitted). These cases should remain in state court.

100 Montgomery Street, Suite 1410 – San Francisco, CA 94104
Office: (628) 231-2500 – sheredling.com

                                                    Respectfully submitted,

                                                  */s/ Victor M. Sher*
                                                  **Victor M. Sher**
                                                  Counsel for Plaintiff-Appellee
                                                  State of Maryland

                                                  */s/ Gibson Solomons*
                                                  **Gibson Solomons**
                                                  Counsel for Plaintiff-Appellee
                                                  State of South Carolina

Cc: All counsel (via CM/ECF)

