Clement & Murphy
PLLC

January 3, 2025

**VIA CM/ECF**

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

      Re:    *State of Maryland v. 3M Company*, No. 24-1218; *State of South Carolina v. 3M Company*, No. 24-1270 – Response to states' letter regarding *State of Connecticut v. EIDP, Inc.*, 2024 WL 5135601 (D. Conn. Dec. 17, 2024)

Dear Ms. Anowi:

Plaintiffs invoke an out-of-circuit district court decision that contradicts this Court's precedents and has already been appealed. Like any district court decision, *EIDP* lacks precedential effect even within its own district, and it has no persuasive, let alone authoritative, force here. Indeed, *EIDP* controverts this Court's cases making clear that in evaluating removal, the district court *must* "credit [d]efendants' theory of the case." *Arlington Cnty. v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 256 (4th Cir. 2021). *But see EIDP*, 2024 WL 5135601, at *3, 5-6 (refusing to credit 3M's allegation that AFFF and non-AFFF PFAS are "inextricably commingled").

*EIDP* likewise conflicts with both *Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174 (1st Cir. 2024), and *Illinois ex rel. Raoul v. 3M Co.*, 111 F.4th 846 (7th Cir. 2024). Dkts. 45, 54. While *EIDP* purported to distinguish the former, it clearly misunderstood the First Circuit's reasoning that "a valid disclaimer must eliminate *any* basis for federal officer removal." *Express Scripts*, 119 F.4th at 187. Apportioning liability and damages between federal and non-federal activities consistent with the scope of the disclaimer undoubtedly requires "a state court … to determine whether [and to what extent] a defendant acted under a federal officer's authority." *Id*. *EIDP* concluded otherwise only by treating the scope of the state's disclaimer—which is to say the scope of 3M's federal defense—as an "ordinary" issue of state-law causation. 2024 WL 5135601, at *4-5. That is wrong for all the reasons 3M has explained, Reply Br.10-14, and contrary to the First Circuit's reasoning in *Express Scripts*.

As for *Raoul*, the district court simply "disagree[d]" with the Seventh Circuit. *EIDP*, 2024 WL 5135601 at *7. The only factual point it mentioned—that *Raoul* involved single-site contamination—plainly supports federal removal, not remand, as the First Circuit has recognized. *See Express Scripts*, 119 F.4th at 187. This Court should decline plaintiffs' invitation to open a circuit conflict on the strength of a non-authoritative and poorly reasoned district court decision that is unlikely to survive appeal.

                                        Respectfully,

                                        <u>s/Paul D. Clement</u>
                                        Paul D. Clement

                                        *Counsel for Defendants-Appellants*

Cc: All Counsel of Record